UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SARAH GORGAS,

        *Plaintiff*,

   -against-

JASEN VONGUINNESS, HOOSAC HOLDINGS INC.,
and JOHN DOE ENTITIES 1 THROUGH 3, whose true
names and identities are unknown,

        *Defendants*.

------------------------------------------------------------------------x

**COMPLAINT AND
JURY DEMAND**

Civil Action No.:
1:22-cv-1138 (MAD/CFH)

Plaintiff, Sarah Gorgas ("Ms. Gorgas" or Plaintiff), by and through her attorneys, The Wagoner Firm PLLC, complaining of Defendants, Jasen VonGuinness ("Mr. VonGuinness"), Hoosac Holdings Inc. ("Hoosac"), and John Doe Entities 1 through 3, whose true names and identities are unknown (together with Mr. VonGuinness and Hoosac, "Defendants"), allege as follows:

## DESCRIPTION OF THE ACTION

1.  This case arises out of Defendants' failure to compensate Plaintiff for hours she worked as their employee.

2.  Defendants hired Plaintiff in 2016 to work on and support their various businesses. By January of 2017, Plaintiff's employment relationship with Mr. VonGuinness evolved into a romantic relationship as well.

3.  Defendants exploited Plaintiff's relationship with Mr. VonGuinness by requiring her to work upwards of seventy (70) hours per week without compensating her for the hours she worked.

4.  Mr. VonGuinness further promised to make Plaintiff a partner in the various businesses she helped him create, and Plaintiff relied on these promises to her detriment.

5.  Throughout Plaintiff's employment by Defendants from 2016 to 2021, Defendants intentionally and routinely violated the New York Labor Law ("NYLL"), Federal Labor Standards Act ("FLSA"), as well as supporting labor regulations.

6.     Defendants intentionally failed to compensate Plaintiff for the hours she worked and wages she was due, including overtime wages.

7.     Defendants intentionally failed to provide required employment and payroll notices or maintain records relating to Plaintiff's employment.

8.     Plaintiff has been severely damaged by Defendants' willful violations of the NYLL, FLSA, and supporting regulations while Defendants have been grossly and unjustly enriched by the same.

9.     Despite her many attempts to be compensated for her work, Defendants refused to compensate Plaintiff for the wages she is due and forced Plaintiff to bring this lawsuit.

10.     As a result, Plaintiff seeks damages from Defendants for (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) failure to pay spread of hours wages, (4) illegally retaining portions of tips, (5) failure to provide a time-of-hire wage notice, (6) failure to provide wage statements, (7) failure to create or maintain employment records, (8) unjust enrichment, and (9) quantum meruit.

## PARTIES

11.     Plaintiff Ms. Gorgas is an individual who, at all relevant times herein, resides in Hoosick Falls, New York.

12.     Defendant Mr. VonGuinness is an individual who, at all relevant times herein, resides in Hoosick Falls, New York.

13.     Defendant Hoosac is a New York corporation that, at all relevant times herein, maintaines its principal place of business in Hoosick Falls, New York.

14.     Defendants John Doe Entities 1 through 3 are legal entities not yet identified who may have been unjustly enriched by Plaintiff's expense of time, labor, equipment, and materials in connection with the events and circumstances giving rise to the claims asserted herein.

4892-0692-5868, v. 7

**JURISDICTION AND VENUE**

15.     This Court may exercise personal jurisdiction over Defendants pursuant to CPLR 301 because they are domiciliaries of the State of New York.

16.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because Plaintiff's primary claims arise under the laws of the United States, and Plaintiff's other claims are so related to her federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

17.     Venue is proper in this Court pursuant 28 U.S.C. § 1391(b)(1) because Defendants reside within the Northern District of New York, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to claims asserted herein occurred within the Northern District of New York.

**BACKGROUND AND FACTUAL ALLEGATIONS**

**I.     The School House Apartments.**

18.     Plaintiff was hired by Defendants in or around March 2016 to renovate and/or remodel an apartment building located at 9 High Street in Hoosick Falls, New York ("High Street") that would come to be known as the School House Apartments.

19.     From March 2016 through December 2016, Plaintiff completely renovated and remodeled eight (8) apartments and upgraded and/or repaired the plumbing and electrical systems throughout the entire building.

20.     Plaintiff received wage payments based on forty (40) hours of work per week despite working between fifty (50) and sixty (60) hours per week during this period of time.

21.     From March 2016 through December 2016, Defendants routinely failed to compensate Plaintiff for wages she was due for work performed at the School House Apartments, including overtime wages.

4892-0692-5868, v. 7

II.    **The Hoosac Package Store.**

22.    In or around December 2016, Defendants made plans to open a wine and liquor store with two (2) apartment units at 53 Classic Street in Hoosick Falls, New York ("Classic Street").

23.    This wine and liquor store would come to be known as the Hoosac Package Store.

24.    Meanwhile, in or around January 2017, Plaintiff's employer-employee relationship with Mr. VonGuinness grew to include a romantic relationship as well.

25.    At this time, Mr. VonGuinness promised to make Plaintiff a partner in the businesses she built or helped build for Defendants.

26.    Mr. VonGuinness repeatedly referred to Plaintiff as his business partner but never formalized that relationship.

27.    From January 2017 through November 2017, Plaintiff completely renovated and remodeled the Classic Street building to transform it into the Hoosac Package Store with two (2) new apartment units above the storefront.

28.    But in or around April 2017, Defendants ceased compensating Plaintiff for the hourly and overtime wages she was due under the promise that she would be made a partner in the School House Apartments, the Hoosac Package Store, and other businesses that Plaintiff built or helped build for Defendants.

29.    Mr. VonGuinness continued to refer to Plaintiff as his business partner, and Plaintiff continued to renovate and remodel the Classic Street building.

30.    In or around December 2017, the Hoosac Package Store officially opened to the public.

31.    Plaintiff continued to work at Classic Street on behalf of Defendants as the manager of the Hoosac Package Store.

4892-0692-5868, v. 7

32.     From January 2017 through January 2018, Defendants routinely failed to compensate Plaintiff for some or all of the wages she was due for work performed at the Hoosac Package Store, including overtime wages.

### III.    The Unihog Restaurant.

33.     In or around January 2018, Defendants made plans to open an Asian-fusion themed barbecue restaurant with five (5) apartment units at 2 Center Street, Hoosick Falls, New York ("Center Street").

34.     This restaurant would come to be known as the Unihog Restaurant.

35.     From January 2018 through July 2022, Plaintiff continued to work as the manager of the Hoosac Package Store while also renovating and remodeling the existing structure at Center Street to create five (5) apartments and a fully functional bar and restaurant.

36.     In or around August 2018, the Unihog Restaurant officially opened to the public.

37.     From August 2018 through September 2018, Plaintiff devoted all of her time to the Unihog Restaurant and worked as the manager to help the business grow in its early stages.

38.     From January 2018 through August 2018, Defendants routinely failed to compensate Plaintiff for some or all of the wages she was due for work performed at the Unihog Restaurant, including overtime wages.

### IV.    Plaintiff's Continued Work as Defendants' Employee.

39.     From August 2018 through November 2021, Plaintiff worked as the manager of both the Hoosac Package Store and the Unihog Restaurant, and she continued to renovate and remodel the apartments at Center Street.

40.     Plaintiff had not received any wage payments from Defendants since April 2017 but continued to work at their direction relying on Mr. VonGuinness's promises to make her a partner in the businesses she built or helped build for Defendants.

5

41.     To support herself, Plaintiff worked part time at a nearby farm and was able to earn enough to afford basic necessities.

42.     In March of 2020, the COVID-19 Pandemic required the Unihog Restaurant to close for a period of time.

43.     While the Unihog Restaurant was closed, Plaintiff continued to renovate the apartments at Center Street and work as the manager of the Hoosac Package Store.

44.     Still, Defendants did not compensate Plaintiff for all the wages she was due, including overtime wages.

45.     When the Unihog Restaurant reopened in June of 2020, Plaintiff resumed her role as manager in addition to the other work she was performing at Defendants' direction.

46.     Plaintiff completed the last of the five (5) apartments at Center Street in September of 2021.

47.     Around this same time, Mr. VonGuinness abandoned his relationship with Plaintiff.

48.     Plaintiff continued to work as manager at both the Hoosac Package Store and Unihog Restaurant through November of 2021 until her replacements were trained.

49.     On or about November 28, 2021, Plaintiff voluntarily ended her employment with Defendants.

50.     From August 2018 through November 2021, Defendants routinely failed to compensate Plaintiff for some or all of the wages she was due for work performed at the Hoosac Package Store and the Unihog Restaurant, including overtime wages.

51.     Since then, Plaintiff tried to obtain the compensation she was due from Defendants, but Defendants refused to pay her any past-due compensation.

## V.     **Plaintiff's Damages.**

52.     At the time of Plaintiff's hire or anytime thereafter, Defendants failed to provide a wage notice with information regarding Plaintiff's employment.

53.     Throughout Plaintiff's employment by Defendants, Defendants failed to pay the statutory minimum wage to Plaintiff for some or all of the hours she worked.

54.     Throughout Plaintiff's employment by Defendants, Defendants failed to pay Plaintiff one- and one-half (1 and ½) times the minimum wage for hours worked in excess of forty (40) hours per workweek.

55.     Throughout Plaintiff's employment by Defendants, Defendants failed to pay Plaintiff an extra hour of minimum wage compensation when Plaintiff's total workday was more than ten (10) hours long.

56.     Throughout Plaintiff's employment by Defendants, Defendants withheld and/or retained portions of Plaintiff's tips that rightfully belonged to her.

57.     Throughout Plaintiff's employment by Defendants, Defendants failed to provide Plaintiff detailed paystub information on or after the occasions Plaintiff received wage payments.

58.     Throughout Plaintiff's employment by Defendants, Defendants failed to establish, maintain, and preserve records relating to Plaintiff's employment.

59.     As a result of the time, labor, equipment, and materials expended by Plaintiff at Defendants' direction, Defendants have been unjustly enriched by way of increased property values, rental income, and free labor.

60.     As a result of the time, labor, equipment, and materials expended by Plaintiff at Defendants' direction, Plaintiff is entitled to the reasonable value of the services she rendered and for which she was not compensated.

4892-0692-5868, v. 7

61.     In total, from March of 2016 through November of 2021, Defendants failed to compensate Plaintiff for at least 12,240 hours of labor expended at their direction and for their benefit.

62.     Plaintiff is a skilled craftsman, contractor, artist, and chef and was entitled to compensation equal to the value that it would have cost Defendants to hire another person or company to render the services Plaintiff provided.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
**(FLSA Minimum Wage Claim - Violation of 29 U.S.C §§ 201, *et seq*.)**

63.      Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

64.     At all relevant times herein, Defendants were Plaintiff's employer within the meaning of the FLSA as Defendants had the power to hire and fire Plaintiff, control the terms and conditions of her employment, and determine the rate and method of compensation.

65.     At all relevant times herein, Defendants had a policy and practice of knowingly and willfully refusing to pay the statutory minimum wage to Plaintiff for some or all of the hours she worked.

66.     Defendants knew or should have known that the federal minimum wage rate was due to Plaintiff for each hour worked and that failing to remit the same would harm Plaintiff.

67.     Defendants' failure to compensate Plaintiff the federal minimum wage rate for each hour worked was intentional and in bad faith.

68.     Defendants' failure to compensate Plaintiff the federal minimum wage rate for each hour worked was willful and malicious and severely injured Plaintiff.

69.     Defendants acted with personal malevolence or with conscious disregard of their duty to pay Plaintiff the federal minimum wage rate for each hour worked.

4892-0692-5868, v. 7

70.     As a direct and proximate result of Defendants' knowing and willful failure to pay Plaintiff the federal minimum wage for each hour she worked, Plaintiff has been damaged.

71.     The FLSA and supporting regulations make employers who fail to pay minimum wages liable to the affected employee in the amount of (1) their unpaid wages, (2) an additional equal amount as liquidated damages, (3) their reasonable attorneys' fees, and (4) the costs of the action.

72.     Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (FLSA Overtime Claim - Violation of 29 U.S.C §§ 201, *et seq.*)

73.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

74.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

75.     At all relevant times herein, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff one- and one-half (1 and ½) times the federal minimum wage for work in excess of forty (40) hours per workweek.

76.     At all relevant times herein, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the required overtime rate of one- and one-half (1 and ½) times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA and supporting regulations as evidenced by their failure to compensate Plaintiff the statutory overtime rate

4892-0692-5868, v. 7

of one- and one-half (1 and ½) times the federal minimum wage for all hours worked in excess of forty (40) per workweek when they knew or should have known that failing to do so would financially injure Plaintiff.

78.     Defendants' failure to compensate Plaintiff the federal overtime rate of one- and one-half (1 and ½) times the federal minimum wage for all hours worked in excess of forty (40) per workweek was intentional and in bad faith.

79.     Defendants' failure to compensate the federal overtime rate of one- and one-half (1 and ½) times the federal minimum wage for all hours worked in excess of forty (40) per workweek was willful and malicious and severely injured Plaintiff.

80.     Defendants acted with personal malevolence or with conscious disregard of their duty to pay Plaintiff the federal overtime rate of one- and one-half (1 and ½) times the federal minimum wage for all hours worked in excess of forty (40) per workweek.

81.     As a direct and proximate result of Defendants' knowing and willful failure to pay Plaintiff the federal overtime rate of one- and one-half (1 and ½) times the federal minimum wage for all hours worked in excess of forty (40) per workweek, Plaintiff has been damaged.

82.     The FLSA and supporting regulations make employers who fail to pay overtime wages liable to the affected employee in the amount of (1) their unpaid overtime compensation, (2) an additional equal amount as liquidated damages, (3) their reasonable attorneys' fees, and (4) the costs of the action.

83.     Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

4892-0692-5868, v. 7

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
**(New York Minimum Wage Claim – Violation of NYLL §§ 650 *et seq*.)**

84.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

85.     At all relevant times herein, Defendants were Plaintiff's employer within the meaning of the NYLL as Defendants had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of compensation.

86.     At all relevant times herein, Defendants had a policy and practice of knowingly and willfully refusing to pay the New York minimum wage rate to Plaintiff for some or all of the hours she worked.

87.     Defendants knew or should have known that the New York minimum wage rate was due to Plaintiff for each hour worked and that failing to remit the same would harm Plaintiff.

88.     Defendants' failure to pay Plaintiff the New York minimum wage rate for each hour worked was intentional and in bad faith.

89.     Defendants' failure to pay Plaintiff the New York minimum wage rate for each hour worked was willful and malicious and severely injured Plaintiff.

90.     Defendants acted with personal malevolence or with conscious disregard of their duty to pay Plaintiff the New York minimum wage rate for each hour worked.

91.     As a direct and proximate result of Defendants' knowing and willful failure to pay Plaintiff the New York minimum wage for each hour she worked, Plaintiff has been damaged.

92.     The NYLL and supporting regulations make employers who fail to pay minimum wages liable to the affected employee in the amount of (1) their unpaid wages, (2) an additional equal amount as liquidated damages, (3) their reasonable attorneys' fees, (4) prejudgment interest, and (5) the costs of the action.

4892-0692-5868, v. 7

93.     Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
**(New York Overtime Claim – Violation of NYLL §§ 650 *et seq*.)**

94.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

95.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

96.     At all relevant times herein, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff at one- and one-half (1 and ½) times the New York minimum wage rate for work in excess of forty (40) hours per workweek.

97.     At all relevant times herein, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the required overtime rates of one- and one-half (1 and ½) times the New York minimum wage for hours worked in excess of forty (40) hours per workweek.

98.     Defendants knowingly and willfully disregarded the provisions of the NYLL and supporting regulations as evidenced by their failure to compensate Plaintiff the statutory overtime rate of one- and one-half (1 and ½) times the New York minimum wage for all hours worked in excess of forty (40) per workweek when they knew or should have known that failing to do so would financially injure Plaintiff.

4892-0692-5868, v. 7

99.     Defendants' failure to compensate Plaintiff the statutory overtime rate of one- and one-half (1 and ½) times the New York minimum wage for all hours worked in excess of forty (40) per workweek was intentional and in bad faith.

100.     Defendants' failure to compensate Plaintiff the statutory overtime rate of one- and one-half (1 and ½) times the New York minimum wage for all hours worked in excess of forty (40) per workweek was willful and malicious and severely injured Plaintiff.

101.     Defendants acted with personal malevolence or with conscious disregard of their duty to pay Plaintiff the statutory overtime rate of one- and one-half (1 and ½) times the New York minimum wage for all hours worked in excess of forty (40) per workweek.

102.     As a direct and proximate result of Defendants' knowing and willful failure to pay Plaintiff the statutory overtime rate of one- and one-half (1 and ½) times the New York minimum wage for all hours worked in excess of forty (40) per workweek, Plaintiff has been damaged.

103.     The NYLL and supporting regulations make employers who fail to pay overtime wages liable to the affected employee in the amount of (1) their unpaid wages, (2) an additional equal amount as liquidated damages, (3) their reasonable attorneys' fees, (4) prejudgment interest, and (5) the costs of the action.

104.     Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
**(New York Spread of Hours Claim – Violation of NYLL § 650 *et seq*. and 12 NYCRR 1371.1)**

105.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

13

106.    Throughout the statute of limitations period covered by these claims, Plaintiff's workday regularly lasted longer than ten (10) hours.

107.    At all relevant times herein, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one (1) hour's pay at the New York minimum wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours.

108.    At all relevant times herein, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the required one (1) hour's pay at the New York minimum wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours.

109.    Defendants knowingly and willfully disregarded provisions of the NYLL and supporting regulations as evidenced by their failure to pay Plaintiff the required one (1) hour's pay at the New York minimum wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours when they knew or should have known that failing to do so would financially injure Plaintiff.

110.    Defendants' failure to pay Plaintiff the required one (1) hour's pay at the New York minimum wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours was intentional and in bad faith.

111.    Defendants' failure to pay Plaintiff the required one (1) hour's pay at the New York minimum wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours was willful and malicious and severely injured Plaintiff.

112.    Defendants acted with personal malevolence or with conscious disregard of their duty to pay Plaintiff the required one (1) hour's pay at the New York minimum wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours.

4892-0692-5868, v. 7

113.    As a direct and proximate result of Defendants' knowing and willful failure to pay Plaintiff the required one (1) hour's pay at the New York minimum wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours, Plaintiff has been damaged.

114.    The NYLL and supporting regulations make employers who fail to pay employees one (1) hour's pay at the New York minimum wage rate for each day their spread of hours exceeded ten (10) hours liable to the affected employee in the amount of (1) their unpaid wages, (2) an additional equal amount as liquidated damages, (3) their reasonable attorneys' fees, (4) prejudgment interest, and (5) the costs of the action.

115.    Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Illegal Deductions from Gratuities – Violation of NYLL § 196-d)

116.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

117.    Throughout the statute of limitations period covered by these claims, Plaintiff regularly received tips for work performed on Defendants' behalf.

118.    At all relevant times herein, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of knowingly and willfully retaining portions of Plaintiff's tips that rightfully belonged to her.

119.    At all relevant times herein, Defendants willfully, regularly, and repeatedly retained portions of Plaintiff's tips that rightfully belonged to her.

4892-0692-5868, v. 7

120.    Defendants knowingly and willfully disregarded the provisions of the NYLL and supporting regulations as evidenced by their retention of portions of Plaintiff's tips that rightfully belonged to her when they knew or should have known that doing so would financially injure Plaintiff.

121.    Defendants' retention of portions of Plaintiff's tips that rightfully belonged to her was intentional and in bad faith.

122.    Defendants' retention of portions of Plaintiff's tips that rightfully belonged to her was willful and malicious and severely injured Plaintiff.

123.    Defendants acted with personal malevolence or with conscious disregard of prohibitions on retaining of portions of Plaintiff's tips that rightfully belonged to her.

124.    As a direct and proximate result of Defendants' knowing and willful retention of portions of Plaintiff's tips that rightfully belonged to her, Plaintiff has been damaged.

125.    The NYLL and supporting regulations make employers who retain portions of employee's tips that rightfully belong to them liable to the affected employee in the amount of (1) their unpaid tips, (2) an additional equal amount as liquidated damages, (3) their reasonable attorneys' fees, (4) prejudgment interest, and (5) the costs of the action.

126.    Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
**(Failure to Provide Wage Notice – Violation of NYLL § 195)**

127.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

4892-0692-5868, v. 7

128.     At all relevant times herein, Defendants were Plaintiff's employer within the meaning of the NYLL as Defendants had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of compensation.

129.     At all relevant times herein, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of knowingly and willfully failing to provide notices relating to Plaintiff's employment.

130.     Defendant intentionally failed to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer.

131.     Defendants intentionally failed to provide said notice at the time of Plaintiff's hire or anytime thereafter.

132.     Defendants knowingly and willfully disregarded the provisions of the NYLL and supporting regulations as evidenced by their failure to provide a wage notice at the time of Plaintiff's hire or anytime thereafter when they knew or should have known that failing to do so would financially injure Plaintiff.

133.     Defendants' failure to provide a wage notice at the time of Plaintiff's hire or anytime thereafter was intentional and in bad faith.

134.     Defendants' failure to provide a wage notice at the time of Plaintiff's hire or anytime thereafter was willful and malicious and severely injured Plaintiff.

135.     Defendants acted with personal malevolence or with conscious disregard of their duty to provide a wage notice at the time of Plaintiff's hire.

136.     As a direct and proximate result of Defendants' knowing and willful failure to provide a wage notice at the time of Plaintiff's hire or anytime thereafter, Plaintiff has been damaged.

137.     The NYLL and supporting regulations make employers who fail to provide a wage notice liable to the affected employee (1) in the amount of two hundred and fifty dollars and 00/100 U.S. Dollars ($250) for each workday the violation continues, up to five thousand and 00/100 U.S. Dollars ($5,000), (2) their reasonable attorneys' fees, (3) prejudgment interest, and (4) the costs of the action.

138.     Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Provide Wage Statements – Violation of NYLL § 195)

139.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

140.     At all relevant times herein, Defendants were Plaintiff's employer within the meaning of the NYLL as Defendants had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of compensation.

141.     At all relevant times herein, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing to provide detailed wage statements relating to Plaintiff's paychecks.

142.     Defendants intentionally failed to provide Plaintiff detailed paystub information on or after the occasions Plaintiff received wage payments.

143.     Defendants knowingly and willfully disregarded the provisions of the NYLL and supporting regulations as evidenced by their failure to provide detailed paystub information to Plaintiff when they knew or should have known that failing to do so would financially injure Plaintiff.

144.     Defendants' failure to provide Plaintiff detailed paystub information on or after the occasions Plaintiff received wage payments was intentional and in bad faith.

145.     Defendants' failure to provide Plaintiff detailed paystub information on or after the occasions Plaintiff received wage payments was willful and malicious and severely injured Plaintiff.

146.     Defendants acted with personal malevolence or with conscious disregard of their duty to provide Plaintiff detailed paystub information on or after the occasions Plaintiff received wage payments.

147.     As a direct and proximate result of Defendants' knowing and willful failure to provide detailed paystub information to Plaintiff, Plaintiff has been damaged.

148.     The NYLL and supporting regulations make employers who fail to provide detailed paystub information on or after each payday liable to the affected employee (1) in the amount of two hundred and fifty dollars and 00/100 U.S. Dollars ($250) for each workday the violation continues, up to five thousand and 00/100 U.S. Dollars ($5,000), (2) their reasonable attorneys' fees, (3) prejudgment interest, and (4) the costs of the action.

149.     Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANTS
**(Failure to Keep Records – Violation of NYLL § 195 & 12 NYCRR § 146-2.1)**

150.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

151.    At all relevant times herein, Defendants were Plaintiff's employer within the meaning of the NYLL as Defendants had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of compensation.

152.    At all relevant times herein, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of knowingly and willfully failing to establish, maintain, and preserve records associated with Plaintiff's employment.

153.    At all relevant times herein, Defendants willfully, regularly, and repeatedly failed to establish, maintain, and preserve records associated with Plaintiff's employment.

154.    Included in the records that Defendants failed to establish, maintain, and preserve are records associated with Plaintiff's payroll which must be preserved for a period of at least six (6) years.

155.    Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

156.    Defendants knowingly and willfully disregarded the provisions of the NYLL and supporting regulations as evidenced by their failure to establish, maintain, and preserve records associated with Plaintiff's employment when they knew or should have known that failing to do so would financially injure Plaintiff.

157.    Defendants' failure to establish, maintain, and preserve records associated with Plaintiff's employment was intentional and in bad faith.

158.    Defendants' failure to establish, maintain, and preserve records associated with Plaintiff's employment was willful and malicious and severely injured Plaintiff.

159.    Defendants acted with personal malevolence or with conscious disregard of their duty to establish, maintain, and preserve records associated with Plaintiff's employment.

4892-0692-5868, v. 7

160.    As a direct and proximate result of Defendants' knowing and willful failure to establish, maintain, and preserve records associated with Plaintiff's employment, Plaintiff has been damaged.

161.    Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unjust Enrichment)

162.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

163.    Plaintiff conferred a benefit on Defendants by expending labor at Defendants' direction and in furtherance of Defendants' businesses.

164.    Defendants received the benefit of Plaintiff's time, labor, equipment, and materials expended at Defendants' direction and in furtherance of Defendants' businesses.

165.    Defendants failed to fully compensate and/or reimburse Plaintiff for the time, labor, equipment, and materials expended at Defendants' direction and in furtherance of Defendants' businesses.

166.    Defendants had no justification, privilege, or excuse for failing to fully compensate and/or reimburse Plaintiff for the time, labor, equipment, and materials expended at Defendants' direction and in furtherance of Defendants' businesses.

167.    As a result, Defendants have been unjustly enriched at Plaintiff's expense.

168.    It would be inequitable and unjust to allow Defendants to retain the benefit of Plaintiff's time, labor, equipment, and materials expended at Defendants' direction and in furtherance of Defendants' businesses.

4892-0692-5868, v. 7

169.    It would contravene the fundamental principles of justice, equity, and good conscience to allow Defendants to retain the benefits they obtained.

170.    By virtue of the foregoing, Defendants have been unjustly enriched at the expense of Plaintiff.

171.    Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Quantum Meruit)

172.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if fully set forth herein.

173.    Plaintiff expended time, labor, equipment, and materials in good faith at Defendants' direction and in furtherance of Defendants' businesses.

174.    Plaintiff materially and substantially performed the services requested by Defendants.

175.    Defendants accepted Plaintiff's work and continue to use and benefit from it to this day.

176.    Plaintiff had a reasonable expectation of payment from Defendants by virtue of her position as an employee and Defendants' promises to compensate her for the time, labor, equipment, and materials expended at Defendants' direction and in furtherance of Defendants' businesses.

177.    The value of services sought by Plaintiff is based upon the prevailing rates in the relevant geographic area for the various services rendered.

178.    By virtue of the foregoing, Plaintiff is entitled to the reasonable value of services rendered to Defendants.

4892-0692-5868, v. 7

179.     Accordingly, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial including, but not limited to, statutory penalties, liquidated damages, attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue an Order and/or Judgment:

1.      Awarding actual monetary and exemplary damages to Plaintiff in an amount to be determined at trial;

2.      Awarding damages, according to proof, including unpaid wages, unpaid overtime compensation, disgorgement of misappropriated tips, and liquidated damages, to be paid by Defendants;

3.      Awarding Plaintiff all penalties available under applicable laws;

4.      Awarding Plaintiff the costs of this action, including expert fees;

5.      Awarding Plaintiff her attorneys' fees, including fees pursuant to FLSA, NYLL, and other applicable laws;

6.      Awarding Plaintiff pre-judgment and post-judgment interest, as provided by law; and

7.      Awarding Plaintiff such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  November 2, 2022
        Albany, New York

                                        THE WAGONER FIRM PLLC

                                        By: _____
                                                Matthew D. Wagoner, Esq.
                                                Bar Roll No. 517679
                                                Matthew W. Rimkunas, Esq.
                                                Bar Roll No. 703584
                                                *Attorneys for Plaintiff Sarah Gorgas*
                                                150 State Street, Suite 504
                                                Albany, New York 12207
                                                Tel: (518) 400-0955
                                                matt@thewagonerfirm.com
                                                matthew@thewagonerfirm.com

4892-0692-5868, v. 7

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by

jury as to all issues.

Dated:  November 2, 2022
       Albany, New York

                       **THE WAGONER FIRM PLLC**

By: _____
                       Matthew D. Wagoner, Esq.
                       Bar Roll No. 517679
                       Matthew W. Rimkunas, Esq.
                       Bar Roll No. 703584
                       *Attorneys for Plaintiff Sarah Gorgas*
                       150 State Street, Suite 504
                       Albany, New York 12207
                       Tel: (518) 400-0955
                       matt@thewagonerfirm.com
                       matthew@thewagonerfirm.com

4892-0692-5868, v. 7